IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA GYSAN, individually and as executor for the estate of Shane Cataline, Plaintiff, <br><br> v. <br><br> STEVEN FRANCISKO, et al. Defendant. | Case No. 16-cv-8254 <br><br> Judge Jorge L. Alonso |

## ORDER

For the reasons stated below, Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint [17] is granted. Count III of the First Amended Complaint and Plaintiff's claims against defendants Hiram Grau and Luke Kuehl are dismissed with prejudice. Plaintiff's individual capacity claims against defendant Marc Miller are dismissed without prejudice, and Plaintiff is given leave until December 13, 2017 to file an amended complaint consistent with this order.

## STATEMENT

Plaintiff Rebecca Gysan is the mother and estate executor of Shane Cataline. She brings this action following the November 22, 2013 shooting death of Cataline by defendant Illinois Department of Natural Resources ("IDNR") officer Steven Francisko. Before the court is defendants' motion to dismiss Plaintiff's First Amended Complaint on statute of limitations grounds as to defendants Hiram Grau and Luke Kuehl, for failure to state an individual capacity claim as to defendants Grau and Marc Miller, and for failure to state a claim under the 5th and 8th Amendment as to all defendants.[1]

*Background*

Plaintiff initially filed a state court action (15 L 2262), alleging state law claims and claims under the Fourth, Fifth and Eighth Amendments. Plaintiff named Francisko and IDNR Director Marc Miller as defendants, and former Illinois State Police ("ISP") Director Grau and ISP trooper Luke Kuehl as respondents in discovery. [Dkt 17 at 13.] Plaintiff voluntarily dismissed her case on April 3, 2015, with leave to re-file it. [*Id*. at 22.] On April 4, 2016, Plaintiff's motion to vacate the dismissal was granted, and Plaintiff was given leave to amend.

---

[1] Defendants appropriately withdrew their argument to dismiss on 11th Amendment immunity grounds since they had previously waived immunity by removing this case to federal court. [Dkt 27 at 1.] *See Lapides v. Board of Univ. Sys. of Georgia*, 535 U.S. 613, 624 (2002) (11th Amendment immunity is waived when a state removes a case to federal court).

1

[*Id*. at 24.] Rather than amending her complaint, however, Plaintiff filed a second state court action (16 L 3395) the same day, April 4, 2016, this time naming Grau and Kuehl as defendants along with the others. [*Id*. at 26.]

On August 22, 2016, Defendants removed both cases to federal court. Plaintiff was given leave to amend her complaint, and the cases were subsequently consolidated. It is this amended complaint that is the subject of the present motion. In her amended complaint, Plaintiff alleges that on November 22, 2013, Cataline stopped on the side of the roadway to take a break during his drive from Ohio to California. [Dkt 13.] While stopped, he was approached by Francisko who was in plain clothes and driving an unmarked car. Alarmed by the stop, Cataline called 911. Francisko was subsequently joined by Kuehl and requested permission to search Cataline's vehicle, which Cataline denied. Cataline was permitted to leave, but Francisko and Kuehl discussed the 911 call with dispatch, and decided to stop him again, this time they said for a wellness check. Kuehl and Francisko initiated the stop, and demanded that Cataline surrender his keys and exit the vehicle. When Cataline did not comply, Kuehl tried to physically remove him from the vehicle. Cataline tried to drive away, but lost control of the car, and crashed into Kuehl's squad car. Francisko jumped onto Cataline's car, and although Cataline raised his hands in surrender, Francisko shot him five times without warning, killing him.

*Analysis*

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all possible inferences in plaintiff's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

One basis of Defendants' motion is Plaintiff's claims against Grau and Kuehl violate the statute of limitations. Failure to file a complaint within the applicable limitations period is an affirmative defense. Fed. R. Civ. P. 8(c). Generally, "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss." *U.S. v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The general rule notwithstanding, "The exception occurs where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *Id*.

In briefing the current motion, both parties have referred extensively to what transpired in the Circuit Court of Cook County, before the Plaintiff's cases were removed and consolidated here. A court may take judicial notice of matters of public record, such as court records, when ruling on a motion to dismiss, without converting a Rule 12(b)(6) motion into a motion for summary judgment. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080-81 (7th Cir.1997). This "narrow exception" applies only to "undisputed fact[s] in the public record." *Id.* at 1081; *see also* Fed. R. Evid. 201(b)(2).

*Statute of Limitations*

Section 1983 does not contain a statute of limitations. 42 U.S.C. § 1983. The law treats section 1983 actions as personal injury claims and such actions "are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred." *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996); *accord Liberty v. Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017). Under Illinois law, the statute of limitations for a personal injury claim is two years. 735 ILCS § 5/13–202. Thus, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *See Liberty*, 860 F.3d at 1019.

Cataline was killed on November 22, 2013, but Plaintiff's claims against Grau and Kuehl were not brought until she filed her second state court action, on April 4, 2016. Defendants thus seek to dismiss on limitations grounds. Plaintiff argues in opposition: (1) that the limitations period did not begin running under Illinois law at Cataline's death but rather at some point after April 2014 when she received information pursuant to a FOIA request; (2) her claims against Grau and Kuehl relate back to the March 5, 2015 filing of her first state court complaint (3) the limitations period should be equitably tolled; and (4) Defendants' fraudulent concealment of their involvement extends the limitation period.

*The accrual date is November 22, 2013.*

Plaintiff's argument as to Illinois' discovery rule is misplaced. While state law sets the length of the statute of limitations period, it is federal law that governs the date of accrual for a Section 1983 action. *See Wallace v. Kato,* 549 U.S. 384, 388 (2007); *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001). "A claim accrues for § 1983 purposes when the plaintiff knows or should know that his or her constitutional rights have been violated." *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (internal quotations omitted); *accord Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). "This inquiry proceeds in two steps. First, the court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. That date should coincide with the date the plaintiff 'knows or should have known' that his rights were violated." *Behavioral Inst. of Ind.*, 406 F.3d at 929 (internal quotations omitted).

Plaintiff plainly alleges that Cataline was deprived of his Constitutional rights when he was killed following a traffic stop on November 22, 2013. [Dkt 13.] It is this event that began the running of the limitations period on Plaintiff's claims. "[A]ll that is required to start the statute of limitations running is knowledge of the injury and that the defendant or an employee of

3

the defendant acting within the scope of his or her employment may have caused the injury." *Arteaga v. U.S.*, 711 F.3d 828, 831 (7th Cir. 2013); *accord Liberty*, 860 F.3d at 1019.

*Relation back does not apply.*

Plaintiff argues that her claims against Grau and Kuehl relate back to the filing of her first state court complaint because as respondents in discovery, they were notified of the underlying facts, served with the complaint before the limitations period expired, and would not be prejudiced by being added as defendants. Plaintiff's argument however, clashes both with the principles of relation back and the unique status of respondents in discovery under Illinois law.

For the claim to relate back under either Federal Rule of Civil Procedure 15 or 735 ILCS § 5/2-616(d), three fundamental prerequisites must be met: (1) the amended complaint must arise out of the same conduct, transaction, or occurrence described in the original pleading; (2) within the time period provided for service of the summons and the complaint, the party to be brought in by amendment must have received notice of the lawsuit such that the party would not be prejudiced in defending on the merits; and (3) the party to be brought in must have or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *See* Fed. R. Civ. P. 15(c)(1)(C); 735 ILCS § 5/2-616(d).

Plaintiff does not argue that she made a mistake in identifying Grau and Kuehl as proper parties. Her naming them as respondents in discovery in the first suit demonstrates that she knew of Grau and Kuehl and their potential involvement in the underlying facts giving rise to her claims. Instead, Plaintiff emphasizes that the notice requirement of relation back has been satisfied. Under either Rule 15(c) or 735 ILCS § 5/2-616(d), however, all necessary prerequisites must be met, and both doctrines require a showing of mistake. Nor does Plaintiff argue that Grau and Kuehl knew or should have known that they would have been named as defendants but for an error. *See Krupski v. Costa Crocier, S. p. A.*, 560 U.S. 538, 548 (2010). "A potential defendant who has not been named in a lawsuit is entitled to repose – unless it is or should be apparent to that person he is the beneficiary of a mere slip of the pen, as it were." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 560 (7th Cir. 2011) (internal quotations omitted).

Nor does the procedural posture of Plaintiff's first state court action change this outcome as she suggests. Under Illinois law, respondents in discovery are not defendants. *See* 735 ILCS § 5/2-402; *Murphy v. Alton Mem. Hosp.*, 657 N.E.2d 1209, 1211 (Ill. App. Ct. 1995) ("[W]hen a party is named as a respondent in discovery, that party is not a defendant. The party is a 'respondent in discovery.'"); *Engel v. St. Mary's Hosp. of Decatur*, 555 N.E.2d 810, 811 (Ill. App. Ct. 1990) ("A lawsuit naming an individual as a respondent in discovery is not an action against that individual as used in section 2-1009, pertaining to voluntary dismissals."). The respondent in discovery statute allows for a party to move to convert a respondent in discovery to a defendant, and it provides a specific extension of the applicable limitations period in which to do so. *See* 735 ILCS § 5/2-402. The docket does not reflect and Plaintiff does not suggest that she ever sought to convert Grau and Kuehl to defendants. Instead, she did not name them as defendants until she filed her second state court suit on April 4, 2016. While her earlier voluntary dismissal extended the limitations period as to the defendants in the first case, it had no such effect as to the respondents in discovery. *See Hughley v. Alcaraz*, 494 N.E.2d 706, 710 (Ill.

4

App. Ct. 1986) (finding savings statute had "no effect in preserving [plaintiff's] claim against [respondent in discovery] . . . since he was never named as a defendant in that action").

Further, refilings are governed by Section 13-217 of the Illinois Code of Civil Procedure, not Section 2-616. *See Apollo Real Estate Inv. Fund, IV, L.P. v. Gelber*, 935 N.E.2d 949, 958 (Ill. App. Ct. 2009). An action that is refiled pursuant to Section 13-217 is a new action, not a reinstatement of the old action. *Id.* (citing *Dubina v. Mesirow Realty Dev., Inc.*, 687 N.E.2d 871, 875 (1997)). "The savings provisions contained in section 13-217 of the Code apply only where the plaintiff brings the same claims and causes of action in the first and second complaints." *Guiffrida v. Boothy's Palace Tavern*, 22 N.E.3d 36, 48 (Ill. App. Ct. 2014). "A complaint naming a different defendant is a separate action for purposes of Section 13-217." *Id.*; *accord Fraser v. Rodriguez-Espinoza,* No. 14 CV1046, 2014 WL 4783095 at * 5 (N.D. Ill. Sept. 24, 2014). Although the vacatur of the dismissal in her first action might have enabled a timely motion to convert Grau and Kuehl in the first action, it did not change their non-party status in that case. Relating the amended complaint in this court back to the first complaint in state court under the circumstances here would defeat the purpose and intent of the specific limitations period set out within the respondent in discovery statute. The respondent in discovery statute allows for a respondent in discovery to be made a defendant in the same action at any time within six-months after being named a respondent in discovery, even though the time during which an action may otherwise be initiated against him may have expired during that period, and "only once up to 90 days" for withdrawal of plaintiff's counsel or good cause. *See* 735 ILCS § 5/2-402. "The 'relation back' doctrine is not designed to trump or evade applicable statutes of limitations. " *Hunt ex rel. Chiovari v. Dart*, 612 F. Supp. 2d 969, 981 (N.D. Ill. 2009).

*Neither equitable tolling nor equitable estoppel apply.*

Nor are Plaintiff's claims against Grau and Kuehl saved by equitable tolling. Although the accrual of a Section 1983 claim is governed by federal law, a tolling analysis is governed by state law. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Shropshear v. Counsel of the City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). Equitable tolling permits a plaintiff to file suit after the limitations period has run, "if despite the exercise of due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear*, 275 F.3d at 595. The Seventh Circuit has approved the application of equitable tolling when a plaintiff was injured, knew of the injury, yet was "unable despite all reasonable diligence to learn . . . the wrongdoer's identity." *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 562 (7th Cir. 1996) (quotations and citation omitted). "[A]n essential element [of equitable tolling] is that the plaintiff have exercised due diligence; in other words that he acted reasonably." *Shropshear*, 275 F.3d at 595. Here, the record demonstrates that Plaintiff was aware of the identities of Grau and Kuehl as early as the filing of her first action, and not that she was unable to obtain vital information bearing on any potential claim against them. [*See* dkt 13 at Exh. A; dkt 23 at Exh. A.] In addition to FOIA, Plaintiff could have utilized any of the discovery tools available to her to obtain information in the first action. She does not argue and the record does not reflect either that she did so or that she was prevented from doing so.

Likewise, equitable estoppel on the basis of fraudulent concealment is not appropriate here. "[E]quitable estoppel prevents a party from asserting the expiration of the statute of limitations as a defense when that party's improper conduct has induced the other into failing to

file within the statutory period.'" *Liberty*, 860 F.3d at 1020 (quoting *Ashafa v. City of Chicago*, 146 F.3d 459, 463 (7th Cir. 1998)). To support her claim for estoppel, Plaintiff argues that the defendants falsely claimed that they were performing a wellness check when they stopped Cataline, falsely claimed that Kuehl was pinned between the cars in order to justify the shooting, and made up a story to shield them from liability. Even accepting these allegations as true, they were contained in Plaintiff's first complaint, and do not provide a basis for equitable estoppel. [See dkt 13, Exh. A. ¶¶ 17-19, 23-30.] Moreover, the record does not demonstrate any wrongful conduct of Defendants in inducing Plaintiff not to file. To the contrary, the record demonstrates that when Plaintiff made a FOIA request for the information she says she relied on in naming Grau and Kuehl as defendants, the information was promptly produced. [Dkt 23 at 22-23 and Exh. A.] Nothing in the record suggests and Plaintiff has not argued that any defendant prevented her from requesting the videos and other records she received pursuant to her FOIA request in the years before she ultimately requested them.

For these reasons, Defendants' motion to dismiss the claims against Grau and Kuehl as time-barred is granted.

*The individual capacity claims against Miller fail to state a claim.[2]*

Defendants also move to dismiss the individual capacity claims against Miller on the basis that Plaintiff has failed to sufficiently allege his personal involvement in the events giving rise to this action. Plaintiff alleges only that the acts complained of were "undertaken pursuant to the policy and practice of Marc Miller as Director of the Illinois Department of Natural Resources in that as a matter of both policy and practice, Marc Miller as Director of the Illinois Department of Natural Resources . . . directly encourages the type of misconduct here by failing to adequately train, supervise, and control its conservation officers, and its failure to do so constitutes deliberate indifference." [Dkt 13 ¶ 59.] This conclusory allegation is repeated almost verbatim in each count of the complaint, with no other allegation directed at Miller. [*Id.* ¶ 70, 78, 88, 99, 108, 116, 126, 172, 182.]

To state a claim for individual liability under Section 1983, however, a plaintiff must allege that the defendant was "personally responsible for the deprivation of a constitutional right" because "he directed the conduct causing the constitutional violation, or it occurred with his knowledge or consent." *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651-52 (7th Cir. 2001)). Although an official cannot be personally liable for a section 1983 claim "under a theory of *respondeat superior,*" he can be held personally responsible if he knew about the conduct that caused the constitutional violation and "facilitate [d] it, approve[d] it, condone[d] it, or turn[ed] a blind eye." *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Jones v. City of Chi.,* 856 F.2d 985, 992 (7th Cir. 1988)); *see also Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 liability is "premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012). "An *individual* cannot be held liable in § 1983 action unless he caused or

---

[2] Since the claims against Grau are time-barred, the Court discusses this aspect of the motion as to Miller only, but the discussion would in any event apply equally to Grau since the pertinent allegations against Miller and Grau are the same.

participated in an alleged constitutional deprivation." *Id.* (emphasis in original) (quoting *Wolf-Little v. Sonquist,* 699 F.2d 864, 869 (7th Cir 1983)). In other words, an official can be held individually liable if he "personally devised a deliberately indifferent policy." *Armstrong v. Squadrito,* 152 F.3d 564, 581 (7th Cir.1998).

Plaintiff makes no such allegations here. Plaintiff does not allege that Miller was involved in the stop of Cataline's car or the events leading to his death, or that Miller knew of the officers' misconduct and turned a blind eye to it, or that Miller knowingly failed to enact policies to prevent the types of wrongs alleged here. Instead, Plaintiff urges only that an inference of Miller's involvement is reasonable given the allegations against the other defendants. This stretches the allegations of the complaint too far. Although in the context of a motion to dismiss all reasonable inferences must be drawn in a plaintiff's favor under *Iqbal*, 556 U.S. at 678, those inferences must nevertheless be based on the pertinent factual allegations of the complaint. Here, Plaintiff makes no allegations of Miller's personal involvement. Absent any factual allegation about Miller's personal involvement, the complaint fails to provide adequate notice of the basis of any claim against him, as pleading standards require. *See Hooper v. Proctor Health Care, Inc.*, 804 F.3d 846, 851 (7th Cir. 2015). The individual claims against Miller are therefore dismissed, with leave to amend within 30 days of the date of this order.

*Count III Fails to State a Claim.*

Defendants' motion to dismiss Count III of the Amended Complaint is likewise granted. Count III purports to bring a claim under the Fifth and Eighth Amendments for the same acts complained of in the Counts brought under the Fourth. [Dkt 13.] In briefing on the motion, Plaintiff conceded that the Eighth Amendment is not applicable to any claim involving Cataline's death, but Plaintiff opposes the motion as to a Fifth Amendment claim, arguing Defendants are wrong to assert that *Graham v. Connor*, 490 U.S. 386, 395 (1989), bars bringing a claim under the Fifth Amendment that is also cognizable under the Fourth. [Dkt 23 at 11.] Plaintiff's argument clashes with the express rule of *Graham* as well as the plethora of cases that have been decided thereunder.

In *Graham*, the Court held that "*all* claims that law enforcement have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standards, rather than under a 'substantive due process' approach." 490 U.S. at 395 (emphasis in original). The Supreme Court subsequently explained, "Because we have always been reluctant to expand the concept of substantive due process, we held in *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), that where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 842, (1998) (internal quotations and citations omitted). As in *Graham*, "Because the Fourth Amendment provides an explicit textual source of constitutional protection against the sort of physical intrusive governmental conduct" alleged here, "that Amendment, not the more generalized notion of 'substantive due process' must be the guide" for analyzing the claims. *Graham*, 490 U.S. at 395. Count III of Plaintiff's amended complaint is dismissed.

## CONCLUSION

For all of the above mentioned reasons, Defendants' Partial Motion to Dismiss Plaintiff's First Amended Complaint [17] is granted. Count III of the First Amended Complaint and Plaintiff's claims against defendants Hiram Grau and Luke Kuehl are dismissed with prejudice. Plaintiff's individual capacity claims against defendant Marc Miller are dismissed without prejudice, and Plaintiff is given leave until December 13, 2017 to file an amended complaint consistent with this order.

Date: 11/13/2017

Jorge L. Alonso
United States District Judge